Filed 10/14/22 P. v. Anderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094770 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE006377) |
| v. | |
| KYMON DAMION ANDERSON, | |
| Defendant and Appellant. | |

After a jury found defendant Kymon Damion Anderson guilty of robbery and burglary, the trial court imposed a sentence of three years for the robbery and stayed the term for the burglary pursuant to Penal Code section 654.[1] On appeal, defendant argues we must remand for resentencing due to recent amendments to section 654. The People agree, as do we. Accordingly, we will remand the matter for resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

A June 2021 information alleged defendant committed robbery of an inhabited dwelling in concert with two others (§§ 211, 213, subd. (a)(1)(A); count one) and burglary (§ 459; count two) against the same victim on the same day. In July 2021, a jury found defendant guilty of those charges.

The trial court imposed a sentence of three years in prison for the robbery (the low term). As for the burglary, the trial court imposed a term of two years, but stayed that term pursuant to section 654.

Defendant timely appealed.

DISCUSSION

Effective January 1, 2022, "Assembly Bill [No.] 518 amended . . . section 654, subdivision (a) to provide, in pertinent part: 'An act or omission that is punishable in different ways by different provisions of *law may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision.' (Italics added.) Previously, where . . . section 654 applied, the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term. [Citation.] As amended by Assembly Bill [No.] 518, . . . section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

The People concede that under *In re Estrada* (1965) 63 Cal.2d 740, Assembly Bill No. 518 (2021-2022 Reg. Sess.) applies to defendant's case because it is not yet final. We agree. (*People v. Mani, supra*, 74 Cal.App.5th at p. 379.)

Here, we conclude the matter must be remanded to allow the trial court to consider whether to exercise its newly granted discretion to stay defendant's sentence on the robbery (count one) or the burglary (count two).

2

We note the abstract of judgment does not reflect the stay of the burglary sentence. If applicable on remand, the clerk of the trial court shall correct that clerical error.

## DISPOSITION

The matter is remanded to the trial court for it to consider whether to exercise its discretion under Assembly Bill No. 518. The trial court shall forward a certified copy of an amended or corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


/s/
HOCH, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
BOULWARE EURIE, J.


3